DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Criminal No. 2010-36 |
| | ) |
| FRANCIS BROOKS, | ) |
| | ) |
| Defendant. | ) |

**APPEARANCES:**

**Gretchen Shappert, United States Attorney**
**Sigrid Tejo-Sprotte, AUSA**
United States Attorney Office
St. Thomas, U.S.V.I.
　*For the United States of America,*

**Francis Brooks**
Rochester, MN
　*Pro se.*

## ORDER

**GÓMEZ, J.**

Before the Court is the Report and Recommendation of the Magistrate Judge recommending that the Court deny Francis Brooks's 28 U.S.C. § 2255 petition (the "2255 petition").

On June 24, 2010, the Grand Jury returned a 33 count indictment (the "Indictment") against Francis Brooks ("Brooks"), Enid Edwards ("Edwards"), and Bill John-Baptiste ("John-Baptiste"). On September 2, 2010, the Grand Jury returned a 54 count superseding indictment (the "Superseding Indictment"). The Superseding Indictment alleged that the three defendants--all

police officers--participated in a conspiracy in which they leveraged their positions of authority to commit several criminal acts, including extortion, kidnaping, bribery, and drug trafficking.

On January 3, 2011, this matter proceeded to trial. On January 14, 2011, the jury returned its verdict, finding Brooks guilty of 25 counts. Brooks subsequently moved for a judgment of acquittal under Federal Rule of Criminal Procedure 29 ("Rule 29"). The Court granted Brooks's Rule 29 motion in part, and entered a judgment of acquittal on several counts. Brooks was sentenced to 151 months' imprisonment followed by 3 years of supervised release

Brooks subsequently appealed the Court's judgment. On February 19, 2014, the Third Circuit Court of Appeals affirmed Brooks's judgment of conviction and reversed the Court's order granting Brooks's Rule 29 motion. *See United States v. John-Baptiste*, 747 F.3d 186, 214 (3d Cir. 2014). The case was remanded with orders to reinstate the jury's verdict of conviction on the previously dismissed counts.

On July 11, 2016, Brooks filed a 2255 petition. On December 11, 2017, the Court entered an amended judgment pursuant to the Third Circuit's February 19, 2014, mandate. The Court sentenced Brooks to a prison term of 121 months, three years of supervised

release as to all but one count, and five years of supervised release as to the remaining count. On December 21, 2017, Brooks appealed the Court's amended judgment. Brooks's second appeal remains pending before the Third Circuit.

On December 12, 2018, the Magistrate Judge entered a Report and Recommendation recommending that the Court deny Brooks's 2255 petition. The Magistrate Judge explained:

> Under the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, an individual seeking to file a § 2255 motion has one year, "running from the latest of" four specified dates, to file his motion. One of the relevant dates is "the date on which the judgment of conviction becomes final." In this case, defendant's appeal is still pending. Therefore, his judgment of conviction is not yet final under 28 U.S.C. § 2255.

ECF No. 559 at 2 (quoting 28 U.S.C. § 2255(f)). Accordingly, the Magistrate Judge recommended that the Court deny Brooks's 2255 petition as prematurely filed. Brooks did not file an objection to the Magistrate Judge's report and recommendation.

Litigants may make "specific written objections" to a magistrate judge's report and recommendation "[w]ithin 14 days after being served with a copy of the recommended disposition." *See* Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.").

When a party makes a timely objection, the district court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* When no objection to a magistrate's report and recommendation is made the district court reviews the report and recommendation for plain error. *See Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) ("While . . . [28 U.S.C. § 636(b)(1) ] may not require, in the absence of objections, the district court to review the magistrate's report before accepting it, we believe that the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report."); *see also Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) *aff'd*, 276 Fed. App'x. 125 (3d Cir. 2008)(explaining that, by failing to object to a portion of a report and recommendation, the litigant "waived its right to have this Court conduct a de novo review," and that in those circumstances, "the scope of [the court's] review is far more limited and is conducted under the far more deferential standard of 'plain error'").

Because Brooks did not file an objection to the Magistrate Judge's report and recommendation, the Court will review the Report and Recommendation for plain error. Having reviewed the record, the Court finds no error, let alone plain error. The

Court agrees with the Magistrate Judge that Brooks's 2255 petition is premature.

The premises considered; it is hereby

**ORDERED** that the Report and Recommendation docketed at ECF Number 559 is **ADOPTED**; it is further

**ORDERED** that Brooks's 2255 petition docketed at ECF Number 488 is **DENIED**; and it is further

**ORDERED** that the Clerk of Court shall **CLOSE** Civil Case Number 3:16-cv-57.

S\_____
**CURTIS V. GÓMEZ**
**District Judge**