**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| **UNITED STATES,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:10-cr-0036 |
| ) | |
| **FRANCIS BROOKS,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

### ORDER

**BEFORE THE COURT** is a motion by Francis Brooks ("Brooks") for compassionate release. (ECF No. 563.) For the reasons stated below, the Court will deny Brooks' motion without prejudice.

On January 14, 2011, Brooks was found guilty of Conspiracy to Conduct the Affairs of an Enterprise Through a Pattern of Racketeering ("RICO") and several other related offenses. Brooks was initially sentenced to 151 months imprisonment. On June 26, 2017, the Court resentenced Brooks to 121 months imprisonment.

On March 24, 2020, Brooks filed a motion for compassionate release. (ECF No. 563.) In his motion, Brooks asserts that he suffers from several health conditions that, combined with the ongoing COVID-19 pandemic, presents an extraordinary and compelling reason to warrant relief under 18 U.S.C. § 3582(c)(1)(A). With respect to the exhaustion of his administrative remedies, Brooks asserts that he submitted a request for compassionate release to the warden of FMC Rochester, where Brooks is currently confined, sometime shortly after June 26, 2017.

Title 18, Section 3582, of the United States Code ("Section 3582") provides in pertinent part that

> (A) the court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . ., after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

>    (i) extraordinary and compelling reasons warrant such a reduction; . . .
>
>    . . .
>
>    and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1).

The Third Circuit has explained that, before a defendant may file a motion for compassionate release pursuant to Section 3582(a)(1)(A), either (1) the Bureau of Prisons ("BOP") must have had 30 days to consider the defendant's request that the BOP move for compassionate release on his behalf, or (2) the defendant must administratively exhaust an adverse decision by the BOP in response to that defendant's request within that time period. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Failure to comply with Section 3582(c)(1)(A)'s exhaustion requirement "presents a glaring roadblock foreclosing compassionate release." *See id.*

Here, it appears that more than 30 days have elapsed since Brooks requested compassionate release from the BOP. Significantly, however, this request was based solely on circumstances presented to the Court during Brooks' June 26, 2017 resentencing, circumstances which the Court found insufficient to justify a downward departure in Brooks' sentence. The crux of Brooks' current request to the Court is the new danger posed by COVID-19. There is no indication that this has been presented to the BOP, and as such, the Court may not consider it at this time.

The premises considered, it is hereby

**ORDERED** that Francis Brooks' motion for compassionate release docketed at ECF Number 563 is **DENIED** without prejudice.

**Dated:** July 23, 2020                             /s/ *Robert A. Molloy*
                                                     **ROBERT A. MOLLOY**
                                                     **District Judge**